UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
GREAT AMERICAN INSURANCE COMPANY,                                  :
                                                                   :
                          Plaintiff,                               :
                                                                   :
              -v-                                                  :
                                                                   :
GEMSTONE PROPERTY MANAGEMENT, LLC et al.,                          :
                                                                   :
                          Defendants.                              :
                                                                   :
-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/17/2025__
```

23-cv-09100 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Great American Insurance Company ("Great American") moves, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), to compel the production of documents by non-party Subin Associates in response to a January 30, 2025 document subpoena ("Subpoena"). Dkt. No. 146. Subin opposes the motion and moves to quash the Subpoena. Dkt. No. 149. The motion to compel is granted as set forth in this Order and the motion to quash is denied.

The Subpoena calls for relevant documents and allows a reasonable time to comply. Subin has made no showing that compliance would impose an undue burden. The Second Amended Complaint contains a claim against defendant Luis Manuel Garcia Salcedo ("Salcedo") for common-law fraud, Dkt. No. 133 ¶¶ 178–90, and seeks a declaration that Great American owes no duty of coverage in connection with a personal injury lawsuit (the "Underlying Action") filed in New York Supreme Court, Bronx County, which Salcedo settled for $6 million due to Salcedo's fraud, *id.*¶¶ 191-95. Subin represented Salcedo in the Underlying Action. *Id.*¶ 60. Great American alleges that Salcedo, in conjunction with Subin and a doctor who purportedly examined Salcedo, made misrepresentations of fact and deliberately concealed and omitted material facts that they had a duty to disclose in connection with the Underlying

Action, including the existence, extent, and nature of the incident in which Salcedo claimed he was injured. *Id.* ¶¶ 73, 179–80.

The Subpoena is focused on those documents that bear on whether fraud was committed in connection with the Underlying Action and by Salcedo. It calls, for example, for documents exchanged or received during discovery in the Underlying Lawsuit or in Subin's possession regarding or relating to the incident that gave rise to the lawsuit, as well as litigation funding agreements, documents related to Salcedo's medical evaluations, and documents related to referral sources through which Salcedo was referred to Subin. Dkt. No. 146-1. It called for production of documents by March 3, 2025, more than one month after the Subpoena was served. *Id.* at ECF p. 4. Subin's argument regarding burden is patently deficient. It simply complains that the request calls for "every single piece of documentation related to Subin's representation of Salcedo." Dkt. Nos. 149-4 at 15, 152 at 3. But Subin has provided no support for the notion that the production of a file in connection with a state court personal injury lawsuit resolved through settlement would impose any burden on it.

Subin's objections to the Subpoena for the most part fail to comply with Rule 45. Subin provided virtually identical responses to each of the 28 requests for documents. After incorporating its boilerplate general objections, it stated:

> SUBIN objects to this request as vague, ambiguous, overly broad and unduly burdensome, including as to time and scope. This request also appears to seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. SUBIN further objects on the grounds that GAIC has not demonstrated a substantial need for this information, or that it cannot obtain some or all of the information from other sources without hardship. SUBIN further objects on the grounds that this Request seeks information which is highly confidential, proprietary and/or commercial sensitive, the disclosure of which would be harmful to legitimate business interests and could subject SUBIN to competitive disadvantage, violate confidentiality agreements or the privacy interests of third parties. Finally, SUBIN objects to the extent that this request seeks documents protected by the attorney-client privilege and work-product doctrine.

Dkt. No. 146-2.

None of the requests are vague and ambiguous, and on their face, none appear to call for irrelevant information.  Subin could not have made the objections in good faith.  "Boilerplate objections that a request for discovery is overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence . . . are improper unless based on particularized facts."  *Fischer v. Forrest*, 2017 WL 773694, at \*3 (S.D.N.Y. Feb. 18, 2017).  Subin has accordingly waived all objections other than those based on the attorney-client privilege and work product doctrine.

The Court rejects Great American's argument that Subin has, at this time, waived the attorney-client privilege by not producing a privilege log.  *See* Dkt. No. 146 at 2–3.  The Court also rejects Subin's blanket claim of privilege.  *See* Dkt. No. 149-4 at 8-9.  Documents exchanged or received during discovery in the Underlying Lawsuit, litigation funding agreements, and documents related to referral sources are not privileged.  *See Edna K. Mineweaser Ex of the Estate of Paul J. Mineweaser v. One Beacon Ins Co.*, 2025 WL 276667, at \*6 (W.D.N.Y. Jan. 25, 2025) (holding that funding agreement was discoverable because material and necessary to a party's claim or defense).  Other documents may be protected by the attorney-client privilege or attorney work product doctrine.  It is premature for the Court to determine whether any such documents come within the crime-fraud exception to the attorney-client privilege.

Under Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, Subin had 14 days in which to assert the privilege.  *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998).  It was required to serve a privilege log "within a reasonable time" thereafter.  *Id.* (quoting *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996)).  Subin has not yet served a privilege log.  Even if

the Court assumes that the time elapsed from the date on which the Subpoena was served was more than adequate to prepare such a log, Subin's delay is not so long as to give rise to a waiver. *See Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 124 (S.D.N.Y. 2014) (no waiver where delay not egregious).

Subin has not shown that the cost of compliance would be significant. Accordingly, the request that such costs be borne by Great American is denied. *See Sands Harbor Marina Corp. v. Wells Fargo Ins. Services of Oregon, Inc.*, 2018 WL 1701944, at *3 (E.D.N.Y. Mar. 31, 2018) (cost shifting appropriate when the non-party incurs significant expense in complying with a subpoena).

Subin shall produce all documents that are not covered by the attorney-client privilege or attorney work product doctrine by March 24, 2025, and shall produce an itemized privilege log with respect to each document withheld from production on the basis of attorney client privilege or attorney work product doctrine on the same date.

SO ORDERED.

Dated: March 17, 2025
        New York, New York
                                        _____
                                               LEWIS J. LIMAN
                                          United States District Judge

4