```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GREAT AMERICAN INSURANCE COMPANY,                                :
                                                                 :
                              Plaintiff,                         :
                                                                 :          23-cv-09100 (LJL)
            -v-                                                  :
                                                                 :               ORDER
GEMSTONE PROPERTY MANAGEMENT, LLC et al.,                        :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The Court has pending before it the motion of the Distinguished Parties to dismiss the Third-Party Complaint for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 123. A motion to dismiss the complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6), is directed to the face of the pleadings as well as the documents that are incorporated by reference, of which judicial notice may be taken, or which are integral to the complaint. *See Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp.3d 366, 382–83 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 35 (2d Cir. 2021). Where a party presents documents not properly considered as part of the pleadings, the Court may—but need not—consider those materials and convert the motion into one for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d).

For the most part, the Distinguished Parties rely on documents that are either attached to the Third-Party Complaint or may be deemed integral to it or incorporated by reference, and therefore are properly cognizable on the motion to dismiss. However, the Distinguished Parties also attach and make reference to certain documents that may not be considered to be integral or incorporated by reference. *See, e.g.*, Dkt. Nos. 123-1, 123-2, 123-3, 123-4, 123-5. In that

circumstance, the Court has the option to consider those documents and to convert the motion into one for summary judgment. Before doing so, Rule 12(d) requires the Court to give notice and all parties the "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Court thus hereby provides notice pursuant to Federal Rule of Civil Procedure 12(d) that it may treat the motion as one for summary judgment. Third-Party Plaintiffs shall have until May 19, 2025 to present any additional material "pertinent to the motion." Fed. R. Civ. P. 12(d). The Distinguished Parties may respond no later than June 2, 2025. If the Distinguished Parties do not wish the Court to consider the materials referenced above and to consider converting the motion into one for summary judgment, they shall file a letter on ECF so indicating no later than April 25, 2025.

SO ORDERED.

Dated: April 18, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge