# EXHIBIT 10



September 11, 2025

**Mark R. Vespole**
973.735.6134 (direct)
201.407.4600 (cell)
Mark.Vespole@wilsonelser.com

<u>**VIA PROCESS SERVER**</u>
Best Case Funding II, LLC
c/o Neal Magnus
5 Surrey Lane
Montvale, NJ 07645

      **RE:    SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION**
            ***Great American Insurance Company v. Gemstone Property Mgmt., LLC, et al.***
            **1:23-cv-09100 (LJL)(GS)**

Dear Mr. Magnus,

Enclosed is a subpoena to produce documents in a civil action to a non-party. This subpoena is being sent to you pursuant to Federal Rule of Civil Procedure 45. A copy of this letter, the subpoena, and the exhibit attached thereto are being provided to all counsel in this matter.

You must produce all documents that are responsive to our requests, which are set forth in the attached exhibit. Unless otherwise agreed to in writing by us or ordered by the court, these documents must be produced within 14 days of service of this subpoena. Please follow the instructions set forth in the exhibit.

Thank you for your assistance in this matter. **Upon receipt of this subpoena, please contact me or have your attorney contact me at one of the phone numbers or email listed above as soon as possible.**

                                         Sincerely,

                                         */s/ Mark R. Vespole*
                                         Mark R. Vespole, Esq.
                                         *Attorneys for Plaintiff,*
                                         *Great American Insurance Company*

MRV/sas
Enclosures

7 Giralda Farms | Madison, NJ 07940 | p 973.624.0800 | f 973.624.0808 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY
Madison, NJ | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

318965539v.1



- 2 -

cc:    Matthew Aboulafia, Esq. & Aaron Jacob, Esq.
ABOULAFIA LAW FIRM, LLC
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
Email: matthew@aboulaw.com; aaron@aboulaw.com
*Attorneys for Defendants/Third-Party Plaintiffs, Gemstone Property Management, LLC, DHNY APT IV, LLC, and Luis Manuel Garcia Salcedo*
(via certified mail and email)

Thomas J Bracken, Esq., Crytal Monahan, Esq., Jonathan W. Greisman, Esq., and Aaron Frederick Fishbein, Esq.
GALLO, VITUCCI, KLAR, LLP
90 Broad Street, 12th Floor
New York, NY 10004
Email: tbracken@gvlaw.com; cmonahan@gvlaw.com; jgreisman@gvlaw.com; afisbein@rubinfiorella.com
*Attorneys for Third-Party Defendant, Aspen Specialty Insurance Company*
(via email)

John S. Favate, Esq.
HARDIN, KUNDLA, McKEON, & POLETTO
673 Morris Avenue
Springfield, NJ 07081
Email:  Jfavate@hkmpp.com
*Attorneys for Third-Party Defendant, Ironshore Indemnity, Inc.*
(via email)

Justin N. Kinney, Esq. & Elizabeth H. Rohan, Esq.
KINNEY, LISCOVICZ, REILLY, & WOLFF, P.C.
11 Broadway, Suite 615
New York, NY 10004
Email: Justin.Kinney@klrw.law; Elizabeth.Rohan@klrw.law
*Attorneys for Third-Party Defendant, The O&S Insurance Brokerage Group, Inc.*
(via email)

318965539v.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Great American Insurance Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:23-cv-09100 (LJL)(GS) |
| | ) | |
| Gemstone Property Management, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                Best Case Funding II, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A.

| Place:   150 East 42nd Street, New York, NY 10017 | Date and Time:   10/09/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/11/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Mark R. Vespole (ID MV1035) |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Great American Insurance Company _____ , who issues or requests this subpoena, are:
 Mark R. Vespole; 7 Giralda Farms, Madison, NJ 07940; mark.vespole@wilsonelser.com; (973) 735-6134

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-cv-09100 (LJL)(GS)

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. P. 45(e), produce all documents responsive to a Request(s).

2.      Pursuant to Fed. R. Civ. P. 45(e)(A), produce all responsive documents either as they are kept in the ordinary course of business or organize and label them to correspond to the Requests. All responsive documents should be Bates numbered.

3.      Pursuant to Fed. R. Civ. P. 45(d)(2)(B), an objection to a Request must be made in writing and served either before the date of compliance listed on the subpoena or 14 days after the subpoena is served. The basis for the objection should be sufficiently specified in writing in a manner that will enable the parties to assess the objection, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i).

4.      Pursuant to Fed. R. Civ. P. 45(e)(2)(A), an objection to a Request based on privilege must expressly claim the privilege and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

5.      Pursuant to S.D.N.Y. L.R. 26.2(a)(1), an objection to a Request based on privilege must also indicate the state's privilege rule being invoked; if the privilege is governed by state law.

6.      Pursuant to S.D.N.Y. L.R. 26.2(a)(2)(A), for documents (including electronically stored information) an objection to a Request based on privilege must also, at a minimum, include the following information: (i) the type of document, e.g., letter, email, or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

318946140v.1

7.      Pursuant to S.D.N.Y. L.R. 26.2(a)(2)(B), for oral communications, an objection to a Request based on privilege must, at a minimum, also include the following information: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

8.      Pursuant to S.D.N.Y. L.R. 26.2(b), when a document(s) is withheld on the basis of privilege, the above information must be furnished in writing at the time of compliance or 14 days after the subpoena is served, unless otherwise agreed to in writing by the parties or ordered by the court.

9.      Pursuant to S.D.N.Y. L.R. 26.2(c), regardless of whether a document is partially or fully withheld on the basis of privilege, a document-by-document privilege log should be provided containing, at a minimum, the above information, in a comprehensible form, referencing each document by Bates number.

10.     All responsive documents can be produced in an electronic format, such as email, a digital file transfer, or a cloud-based storage platform in lieu of physical copies.

## DEFINITIONS

1.      The terms "You" or "Your" refer to Best Case Funding, II, LLC ("BCF") and all its predecessors, successors, employees, agents, servants, representatives, and attorneys.

2.      The term "Salcedo" refers to Luis Manuel Garcia Salcedo, a Defendant in the instant action, including all his agents, servants, representatives, and attorneys.

318946140v.1

3.      The term "Subin" refers to the law firm Subin Associates, LLP and all its agents, servants, representatives, and attorneys, including, but not limited to, Herbert S. Subin, Esq. and Gregory T. Cherchione, Esq.

4.      The term "the Incident" refers to Salcedo's alleged accident on September 12, 2013.

5.      The term "Underlying Action" refers to the action entitled *Luis Manuel Garcia Salcedo v. Strathmore Construction Management, LLC, Sunation Thermal Services, Inc., Sustainable Energy Options, LLC, Gemstone Property Management, LLC, and DHNY IV LLC*, filed in the Supreme Court of New York, Bronx County, Index No. 306568/2013E.

6.      The term "First Funding Agreement" refers to BCF's first litigation-funding agreement with Salcedo, dated September 24, 2013, entered in connection with the Incident and Underlying Action.

7.      The term "Second Funding Agreement" refers to BCF's second litigation-funding agreement with Salcedo, dated November 7, 2013, entered in connection with the Incident and Underlying Action.

8.      The term "Third Funding Agreement" refers to BCF's third litigation-funding agreement with Salcedo, dated November 19, 2013, entered in connection with the Incident and Underlying Action.

9.      The terms "document" and "documents" are referred to in their broadest sense and mean, without limitation, written, printed, electronically stored, typed, recorded or graphic matter of every kind or description, however produced or reproduced, and all attachments and appendices thereto, regardless of location and whether internally or externally generated, including any tapes, recordings, or other forms of mechanical or electronic reproduction, electronically stored information ("ESI") together with attachments and annotations thereto or thereon, and any and all

3

318946140v.1

non-identical copies and all drafts of such matter and shall include every such document known to each plaintiff(s) or his or her counsel, whether or not in their possession, custody or control. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, emails, telegrams, messages, memoranda, records, reports, books, pamphlets, periodicals, summaries or records of any telephone conversations, summaries or records of any personal conversations, minutes or summaries or other records of meetings, conferences or negotiations, date sheets, calendars, diaries, appointment books, time records, instructions, work assignments, recommendations, opinions, studies, analyses, evaluations, computer programs or any other written, recorded, transcribed, typewritten, filmed or graphic matter, however produced or reproduced, including computer sheets and computer retrievable information. The terms "document" and "documents" shall include all copies of documents by whatever means made, except that when a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced. This definition incorporates by reference the definition set forth in S.D.N.Y. L.R. 26.3. To the extent this definition is broader, the definition in set forth in S.D.N.Y. L.R. 26.3 governs.

10.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting, pursuant to S.D.N.Y. L.R. 26.3(c)(7).

11.    The term "and/or" is defined to mean conjunctively or disjunctively, as applicable. This definition incorporates by reference the definition set forth in S.D.N.Y. L.R. 26.3. To the extent this definition is broader, the definition in set forth in S.D.N.Y. L.R. 26.3 governs.

12.    These definitions also incorporate by reference all definitions set forth in S.D.N.Y. L.R. 26.3.

4

## REQUESTS FOR PRODUCTION

1.      All documents concerning Your referral to Salcedo.

2.      All documents concerning Your referral to Subin in connection with the Incident and/or Underlying Action.

3.      All documents concerning Your preparation, negotiation, and/or drafting of the First Funding Agreement, including Your due diligence regarding the Incident and/or Underlying Action.

4.      All documents between You and Salcedo regarding the preparation, negotiation, drafting, and/or execution of the First Funding Agreement.

5.      All documents between You and Subin regarding the preparation, negotiation, drafting, and/or execution of the First Funding Agreement.

6.      All documents concerning any payments and/or checks to Salcedo made in connection with the First Funding Agreement, including invoices reflecting these payments.

7.      All documents concerning any payments and/or checks to any person or entity made in connection with the First Funding Agreement, including invoices reflecting these payments.

8.      All documents concerning Your preparation, negotiation, and/or drafting of the Second Funding Agreement, including Your due diligence regarding the Incident and/or Underlying Action.

9.      All documents between You and Salcedo regarding the preparation, negotiation, drafting, and/or execution of the Second Funding Agreement.

10.     All documents between You and Subin regarding the preparation, negotiation, drafting, and/or execution of the Second Funding Agreement.

5

318946140v.1

11. All documents concerning any payments and/or checks to Salcedo made in connection with the Second Funding Agreement, including invoices reflecting these payments.

12. All documents concerning any payments and/or checks to any person or entity made in connection with the Second Funding Agreement, including but not limited an entity called Tri-State Medical Liaison Services, including invoices reflecting these payments.

13. All documents concerning Your preparation, negotiation, and/or drafting of the Third Funding Agreement, including Your due diligence regarding the Incident and/or Underlying Action.

14. All documents between You and Salcedo regarding the preparation, negotiation, drafting, and/or execution of the Third Funding Agreement.

15. All documents between You and Subin regarding the preparation, negotiation, drafting, and/or execution of the Third Funding Agreement.

16. All documents concerning any payments and/or checks to Salcedo made in connection with the Third Funding Agreement, including invoices reflecting these payments.

17. All documents concerning any payments and/or checks to any person or entity made in connection with the Third Funding Agreement, including invoices reflecting these payments.

18. All documents in Your possession concerning the Incident and/or Underlying Action.

19. All documents in Your possession concerning the First, Second, and/or Third Funding Agreements.

20. All documents concerning any litigation-funding agreements entered into with Subin-represented clients between September 1, 2011 and September 1, 2015.

318946140v.1