UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
GREAT AMERICAN INSURANCE COMPANY,                   :
                                                    :
                        Plaintiff,                  :
                                                    :
        -v-                                         :
                                                    :
GEMSTONE PROPERTY MANAGEMENT, LLC et al.,           :
                                                    :
                        Defendants.                 :
                                                    :
------------------------------------------------------------------------X
                                                    :
GEMSTONE PROPERTY MANAGEMENT, LLC et al.,           :
                                                    :
                        Third-Party Plaintiffs,     :
                                                    :
        -v-                                         :
                                                    :
ASPEN SPECIALITY INSURANCE COMPANY, et al.,         :
                                                    :
                        Third-Party Defendants.     :
                                                    :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/03/2025

23-cv-09100 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Great American Insurance Company ("Great American" or "Plaintiff") moves to serve deposition subpoenas on non-party Tanvir Chaudhry ("Chaudhry") and non-party Elsie Real Cibbarelli ("Cibbarelli"), and document subpoenas on Chaudhry's companies, Sahiwal Associates, Inc. ("Sahiwal") and Tri-State Medical Liaison Services, Inc. ("Tri-State Medical"), by alternative means pursuant to Federal Rule of Civil Procedure 45. Dkt. Nos. 203, 207. For the following reasons, the motions are granted.

Plaintiff alleges that a settlement agreement reached by Luis Manuel Garcia Salcedo ("Salcedo") and Subin Associates, LLP ("Subin") following a lawsuit against Gemstone Property

Management, LLC and DHNY IV LLC is the product of fraud.  Dkt. No. 206 at 1.  Plaintiff alleges that the fraud commenced when Chaudhry referred Salcedo to Subin and that to facilitate the fraud, Salcedo obtained three litigation-funding agreements, one of which instructed that $15,000 be distributed to Tri-State Medical.  *Id.*  Chaudhry is associated with a litigation funding company, Sahiwal, and is the business registration officer of Tri-State Medical.  *Id.* at 1–2.  Plaintiff seeks to depose Chaudhry about his relationships with Salcedo, Subin, Sahiwal, Tri-State Medical, and Cibbarelli and seeks documents from Sahiwal and Tri-State Medical regarding the $15,000 payment.  *Id.* at 2.

Cibbarelli is a long-time Subin employee and notarized the signatures on two of the litigation-funding agreements that Salcedo obtained.  Dkt. No. 210 at 1–2.  Sahiwal's New York address corresponds to a house that Cibbarelli owns.  *Id.* at 1.  Plaintiff seeks to depose Cibbarelli about her relationships with Chaudhry, Sahiwal, Subin, Salcedo, and the execution of the funding agreements.  Dkt. No. 210 at 2.

Plaintiff hired a process server through Bauer Trial Preparation ("BTP") to personally serve a deposition subpoena on Chaudhry and document subpoenas on Sahiwal and Tri-State Medical.  Dkt. No. 206 at 2.  The process server attempted to personally serve the subpoenas on Chaudhry five times at his home in Metuchen, New Jersey and on one occasion spoke with his wife, who confirmed that Chaudhry resided at the address and accepted the subpoenas.  *Id*; Dkt. No. 204 ¶ 3.  Chaudhry's attorney, Aaron Pierce, contacted Plaintiff's counsel to assist in scheduling the deposition but stated he was not authorized to accept service of the subpoenas and has not responded to recent requests for information regarding Chaudhry's whereabouts.  Dkt. No. 206 at 2–3.

Plaintiff also hired a process server through BTP to personally serve the deposition

2

subpoena on Cibbarelli.  Dkt. No. 210 at 2.  The process server attempted to personally serve the subpoena on Cibbarelli at her home on six occasions.  *Id.*  During the first attempt at service, the process server spoke with Cibbarelli's husband, who confirmed that she resided at the address and accepted a copy of the subpoena.  *Id.*

Federal Rule of Civil Procedure 45 states that "[s]erving a subpoena requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve." *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017).  Here, the affidavits of the President of BTP describing the five attempts to serve Chaudhry at his home address, Dkt. No. 204, and the six attempts to serve Cibbarelli at her home address, Dkt. No. 208, establish that personal service is impracticable.  *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *1 (S.D.N.Y. Nov. 14, 2014).

Alternative service must be reasonably calculated to ensure the witness actually receives the subpoena.  See *Kenyon*, 2016 WL 5930265, at *3; *IDW Grp.*, 2009 WL 1313259, at *2–3.  Plaintiff seeks to serve Chaudhry through a combination of nail and mail service at his Metuchen address, where his wife confirmed he resides, and mail and email service to his attorney.  Plaintiff seeks to serve Cibbarelli through nail and mail service at her Staten Island address, where her husband confirmed she resides.  These methods of service are appropriately calculated to ensure receipt of the subpoena.  *Tube City*, 2014 WL 6361746, at *2 (nail and mail service, alongside mailing and emailing a copy of the subpoena to the witness's attorney, constitutes an appropriate method of alternative service); *IDW Group*, 2009 WL 1313259, at *3 (service by

certified mail reasonably ensures actual receipt of the subpoena where JP Morgan attempted service nine times and witness appeared aware that JP Morgan seeks to depose her); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (approving alternative service by means of certified mail).

Accordingly, the Court directs that the following be deemed proper service on Chaudhry of the deposition and document subpoenas:

1. Affixing the subpoenas and accompanying documents to the door of Chaudhry's Metuchen address;

2. Mailing the subpoenas and accompanying documents, via certified mail, to Chaudhry's Metuchen address;

3. Mailing the subpoenas, via certified mail, to Chaudhry's attorney, Aaron Pierce; and,

4. Sending a copy of the subpoenas by email to Chaudhry's attorney, Aaron Pierce.

The Court further directs that the following be deemed proper service on Cibbarelli of the deposition subpoena:

1. Affixing the subpoenas to the door of Cibbarelli's Staten Island address; and,

2. Mailing the subpoenas, via certified mail, to Cibbarelli's Staten Island address.

The motions for alternative service are GRANTED as described herein.  Proof of service shall be filed in accordance with Federal Rule of Civil Procedure 45(b)(4).

The Clerk of Court is respectfully directed to close Dkt. Nos. 203 and 207.

SO ORDERED.

Dated: December 3, 2025
　　　　New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4