UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                :

GREAT AMERICAN INSURANCE COMPANY,    :

                :

        Plaintiff,        :

                :

    -v-            :        23-cv-9100 (LJL)

                :

GEMSTONE PROPERTY MANAGEMENT, LLC, et al., :       MEMORANDUM &

                :              ORDER

        Defendants.       :

                :

-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/09/2026__

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Great American Insurance Company ("Great American") moves, pursuant to Federal

Rules of Civil Procedure 30(a)(1) and 45(d)(2)(B)(i), for an order compelling non-party Sahiwal

Associates, Inc. ("Sahiwal") to produce documents responsive to Great American's December 8, 2025

document subpoena; (2) non-party Tri-State Medical Liaison Services, Inc. ("Tri-State") to produce

documents responsive to Great American's December 8, 2025 document subpoena to it; and (3)

non-party Tanvir Chaudhry to appear for a deposition pursuant to Great American's December 8, 2025

deposition subpoena pursuant to Rules 30(a)(1), 34(c) and 45(d)(2)(B)(i) of the Federal Rules of Civil

Procedure.  Dkt. No. 221.  Non-party Tanvir Chaudhry ("Chaudhry") moves, pursuant to Federal Rule

of Civil Procedure 26 and 45(d)(3), to quash the subpoena served on him dated December 8, 2025.  Dkt.

No. 224.  For the reasons that follow, Great American's motion is granted and Chaudhry's motion is

denied.

    Rule 45 allows a party to serve a subpoena on a non-party for the production of documents and

other information or for a deposition.  *See* Fed. R. Civ. P. 45(a)(1).  The subpoena recipient may move

to quash the subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv); *Sadis & Goldberg, LLP v. Banerjee*, 2019 WL 13403291, at *1 (S.D.N.Y. Aug. 26, 2019). If an objection is made to a subpoena, the serving party may move the Court for the district where compliance is required for an order compelling compliance with the subpoena. Fed. R. Civ. P. 45(d)(2)(B).

A subpoena issued pursuant to Fed. R. Civ. P. 45 must meet Fed. R. Civ. P 26(b)(1)'s "overriding relevance requirement" and may be quashed by this Court for failure to do so. *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008), *aff'd*, 371 F. App'x 180 (2d Cir. 2010) (summary order); *see Peddy v. L'Oreal USA Inc.*, 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019). "The party seeking discovery bears the initial burden of proving the discovery is relevant." *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019) (quoting *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017)). "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Id.* (citing *Griffith v. United States*, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007)). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (quoting *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)). "The trial court has broad discretion to determine whether a subpoena imposes an undue burden." *Id.* (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003)); *see Insured Advoc. Grp., LLC v. Spartan Servs. Corp.*, 2024 WL 4893580, at *1–2 (S.D.N.Y. Nov. 26, 2024). "The

standard applicable to depositions is similar to the standard for document subpoenas[.]" *Ohio Dep't of Ins. v. RPM Mortg., Inc.*, 2020 WL 8513150, at * 2 (S.D.N.Y. Dec. 2, 2020).  "[T]he obligation for sitting for a deposition [does] not, in and of itself," demonstrate undue burden.  *Probulk Carriers Ltd. v. Marvel Int'l Mgm't & Transp.*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016).

Great American has established the relevance of the requested testimony and documents.  It alleges that is the victim of a fraud perpetrated in connection with a negligence action brought in New York State Supreme Court, Bronx County (the "Underlying Action") by defendant Luis Manuel Garcia Salcedo ("Salcedo") in connection with a construction accident supposedly experienced by Salcedo on September 12, 2013 (the "Incident").  Great American is an excess insurer of the defendants in the Underlying Action.  Dkt. No. 133 ¶¶ 15–17.  The Underlying Action was settled for $6 million on the eve of trial in the form of cash and an assignment of the insured's claims against Great American.  *Id.* ¶¶ 40–43.  In this case, Great American alleges that the settlement was the product of common law fraud scheme perpetrated by Salcedo and his lawyer Subin Associates, LLP ("Subin") along with Salcedo's treating physician Dr. Michael Gerling, M.D. ("Gerling").  *Id.* ¶¶ 60–61, 73.  Subin allegedly was the ringleader of the scheme.  *Id.* ¶¶ 60–68, 178–90.  Through runners, he would recruit impoverished immigrants to serve as plaintiffs and to receive unnecessary medical treatment from complicit doctors in exchange for promises of instant cash.  Dkt. No. 187 at 2.  The instant cash was provided by litigation funders.  *Id.*  The ensuing fraudulently obtained settlements and jury verdicts would be used to pay the lawyers, doctors and runners.  Dkt. No. 133 ¶ 64.

There is evidence in this case that Salcedo claimed damages for injuries that he did not suffer, that Chaudhry and others put Salcedo up to that feigned claim, and that Chaudhry had a financial interest in the success of the claim.  *See Great Am. Ins. Co. v. Gemstone Prop. Mgm't, LLC*, 2025 WL 3535065, at *1–2 (S.D.N.Y. Dec. 10, 2025).  At a minimum, there is evidence that Chaudhry is in possession of

3

information going to whether the claim in the Underlying Action was feigned and, if so, whether Salcedo was induced by others to make that claim. Chaudhry was the runner and the source of the referral to Subin. Dkt. No. 222 at 4. Litigation funding, which compensated Salcedo, was provided by a number of entities in succession, including Best Case Funding Agreements II, LLC ("Best Case Funding") and Pegasus Fund, LLC ("Pegasus"). *Id.* Tri-State, an entity associated with Chaudhry, received payments from the litigation funding provided by Best Case Funding. *Id.* at 5. There is evidence that Chaudhry owns or operates Sahiwal, another litigation funding company associated with Subin. *Id.* at 5. There also is evidence that he has a relationship to Pegasus. *Id.* at 6.

Chaudhry argues that this case involves a "single substantive" issue whether Salcedo "knowingly made false representations regarding his injuries" and that Chaudhry does not "posses[s] unique, percipient knowledge bearing on whether Salcedo misrepresented his injuries." Dkt. No. 226 at 6–7. But Chaudhry views relevance too narrowly. Relevance is broadly construed under the Federal Rules of Civil Procedure. *See Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, 2025 WL 743761, at *1 (S.D.N.Y. Mar. 7, 2025) ("The scope of relevance is broad."); *Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019) ("Relevance under Rule 26 'is an extremely broad concept.'" (quoting *Joseph v. Gnutti Carlo S.p.A.*, 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016))). Great American is not limited to asking Salcedo whether he faked his injury or received treatment that he did not need. On the facts here, it is entitled to inquire of those who provided the treatment, who arranged the financing, and who benefitted from the litigation funding. Chaudhry possesses information relevant to Great American's fraud claims, including information about how Chaudhry and Salcedo met; Chaudhry's relationship with Subin pre-Salcedo; the circumstances surrounding Salcedo's introduction to Subin via Chaudhry; Chaudhry's relationship with Tri-State and Sahiwal and what services these companies provided

Salcedo vis-à-vis the Underlying Action, including the unspecified services for which Tri-State was paid $15,000; and Chaudhry's relationship with the other litigation funders.

Sahiwal and Tri-State arguably were the entities through which the fraud was perpetrated in part. Great American has established the relevance of its requests and Sahiwal and Tri-State do not establish burden. The document subpoena to Sahiwal calls for: (1) all documents concerning the creation and ownership of Sahiwal; (2) all documents concerning Sahiwal's relationship to other companies, as a parent or subsidiary; (3) all documents concerning Chaudhry's relationship to Sahiwal; and (4) all documents concerning any services Sahiwal provided Salcedo and/or Subin in connection with the Incident and/or Underlying Action. Dkt. No. 231-3. The document subpoena to Tri-State calls for: (1) all documents concerning the creation and ownership history of Tri-State; (2) all documents concerning Tri-State's relationship to other companies, as a parent or subsidiary; (3) all documents concerning Chaudhry's relationship to Tri-State; (4) all documents concerning Tri-State's referral to Salcedo in connection with the Incident and/or Underlying Action; (5) all documents concerning Tri-State's referral to Subin in connection with the Incident and/or Underlying Action; (6) all documents concerning a $15,000 payment Tri-State received under one of the litigation funding agreements; and (7) all documents concerning any services Tri-State provided Salcedo and/or Subin in connection with the Incident and/or Underlying Action, including proof of payment for those services. Dkt. No. 231-4. Chaudhry received a deposition subpoena. Dkt. No. 231-1.

Sahiwal agreed to produce any documents concerning the creation and ownership of Sahiwal (Request No. 1) and any documents concerning Chaudhry's relationship to Sahiwal (Request No. 3), but produced only its certification of incorporation. Dkt. No. 223-8. It objected to the remainder of the requests while stating that it was not aware of any non-privileged, relevant, responsive documents. *Id.* Tri-State likewise agreed to produce any documents concerning the creation and ownership of Tri-State

5

(Request No. 1) and any documents concerning Chaudhry's relationship to Tri-State (Request No. 3), but produced only two documents: its certification of incorporation and a consent to dissolution.  Dkt. No. 223-5.  It likewise objected to the remainder of the requests but stated that it was not aware of any non-privileged, relevant, responsive documents.  *Id.*  After originally agreeing to testify, Chaudhry interposed an objection and filed this motion to quash.

The documents to which Sahiwal and Tri-State object are relevant.  They go to the facts and circumstances of the alleged fraud.  Great American is entitled to explore the relationship among Chaudhry, Sahiwal and Tri-State and whether the accident for which Salcedo claimed relief was not genuine but was feigned in order to generate revenues for those entities and Chaudhry as well as for Subin and Salcedo's treating physician.  Sahiwal and Tri-State also have not shown that the requested discovery is disproportionate to the needs of the case.  They assert that Great American can obtain the information it seeks "from parties to the litigation or other sources already subject to discovery."  Dkt. No. 231 at 9.  But they do not identify any others who would have the information Great American seeks from them.

Great American also requests that the Court order Sahiwal and Tri-State to specify to the efforts it made to search for, locate and identify documents responsive to the requests and that the two also serve privilege logs.  Dkt. No. 222 at 12–13.  It is entitled to both forms of relief.  The responses of Sahiwal and Tri-State call into question the thoroughness of their searches.  *See Finkelstein v. Bical*, 2023 WL 9119575, at *2–3 (E.D.N.Y. Dec. 14, 2023) (ordering party who failed to produce documents and asserted that they were "not aware" of responsive documents to provide a declaration regarding the efforts undertaken to search for and produce responsive documents).  Great American also is entitled to a privilege log.  *See Powell v. United States*, 2022 WL 2188167, at *4 (S.D.N.Y. June 17, 2022) ("Rule 45 . . . plainly does require non-parties invoking privilege to produce a privilege log"); *Schomburg v.*

6

*N.Y.C. Police Dep't*, 298 F.R.D. 138, 144 (S.D.N.Y. 2014) (ordering non-parties to produce privilege log).

The motion to compel is granted.  Sahiwal and Tri-State shall produce all documents in their possession, custody and control responsive to the subpoena no later than March 2, 2026 along with an itemized privilege log in conformance with Local Rule 26.2(a) for all documents withheld on the basis of privilege.[1]  With the production, and by no later than March 2, 2026, each of Sahiwal and Tri-State shall serve a signed statement of an authorized representative detailing the efforts made to search for, locate and identify the documents responsive to the requests.  Chaudhry shall sit for his deposition no later than March 9, 2026.  To the extent that Chaudhry claims that there is good cause for extending the date for the deposition, counsel for Chaudhry shall move by February 16, 2026 for an order extending the date for a deposition.  Responses to that motion shall be filed no later than February 19, 2026.

The Clerk of Court is respectfully directed to close Dkt. Nos. 221 and 224.

SO ORDERED.

Dated: February 9, 2026
      New York, New York

                         LEWIS J. LIMAN
                    United States District Judge

---

[1] The Court has considered whether a categorical log or metadata log under Local Rule 26.2(c) is appropriate in this case and has concluded that it is not in view of the apparently small volume of documents at issue.