UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
GREAT AMERICAN INSURANCE COMPANY,         :
:
Plaintiff,          :
:
-v-              :
:
GEMSTONE PROPERTY MANAGEMENT, LLC et al., :
:
Defendants.         :
:
------------------------------------------------------------------------X
:
GEMSTONE PROPERTY MANAGEMENT, LLC et al., :
:
Third-Party Plaintiffs,   :
:
-v-              :
:
ASPEN SPECIALITY INSURANCE COMPANY, et al., :
:
Third-Party Defendants.     :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/12/2026

23-cv-09100 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Great American Insurance Company ("Great American" or "Plaintiff") moves to
serve deposition subpoenas on non-party Jose Hernandez ("J. Hernandez") and non-party Moses
Hernandez ("M. Hernandez") and a document subpoena on J. Hernandez's company, J.
Hernandez Associates, Jr., Inc. ("Hernandez Associates"), by alternative means pursuant to
Federal Rule of Civil Procedure 45.  Dkt. Nos. 236, 240.  For the following reasons, the motion
for alternative service on J. Hernandez and Hernandez Associates is granted and the motion for
alternative service on M. Hernandez is denied.

Plaintiff alleges that a settlement agreement reached by Luis Manuel Garcia Salcedo

("Salcedo") and Subin Associates, LLP ("Subin") following a lawsuit against Gemstone Property Management, LLC and DHNY IV LLC ("Underlying Action") is the product of fraud. Dkt. No. 239 at 1. Plaintiff alleges that to facilitate this fraud, Subin relied on the legal support services of J. Hernandez, an assistant manager at Subin. *Id.* J. Hernandez also owns and/or operates Hernandez Associates, which shares office space with Subin. *Id.* Plaintiff alleges that Hernandez Associates provided transport for Subin clients to various medical appointments, including providing travel services in connection with the Underlying Action. *Id.* at 1–2.

In the Underlying Action, Salcedo alleged that on September 12, 2013, while working as a plumber for a company called "Moises Boiler Co.," he suffered bodily injuries after performing construction work related to a boiler. Dkt. No. 243 at 1. Plaintiff alleges that this company is owned and/or operated by M. Hernandez, who was deposed in the Underlying Action. *Id.* at 1. During his deposition, M. Hernandez denied that Salcedo was his employee, denied that he and Salcedo were at the location of the boiler, testified that he did not witness any object strike Salcedo, and testified that Salcedo never told him he suffered consequent injuries. *Id.* at 2.

Plaintiff hired a process server through Bauer Trial Preparation ("BTP") to personally serve a deposition subpoena on J. Hernandez and a document subpoena on Hernandez Associates. Dkt. No. 239 at 2. The process server attempted to personally serve the subpoenas on J. Hernandez five times at his office in New York, New York. Dkt. No. 239 at 2. Building security did not let the process server past the lobby. *Id.* BTP then identified Hernandez Associates' address for service of process through the New York Department of State's public inquiry portal. *Id.* The process server then attempted to personally serve J. Hernandez on five occasions at the service address in Stuyvesant Town-Peter Cooper Village ("StuyTown"). *Id.* BTP then determined that J. Hernandez owns residential property in Clifton, New Jersey. *Id.* at

3.  The process server attempted to personally serve J. Hernandez on five occasions at his Clifton, New Jersey home.  *Id.* at 3.

Plaintiff also hired a process server through BTP to personally serve the deposition subpoena on M. Hernandez.  Dkt. No. 243 at 2.  During his deposition in 2019, M. Hernandez testified that he resided at Olinville Avenue in the Bronx.  *Id.*  Plaintiff searched public records databases using this address and determined that M. Hernandez now resides at Gerard Avenue in the Bronx.  *Id.*  The process server attempted to personally serve the subpoena on M. Hernandez at his Gerard Avenue apartment on six occasions.  *Id.*

Federal Rule of Civil Procedure 45 states that "[s]erving a subpoena requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve."  *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017).  Here, the affidavits of the President of BTP describing the five attempts to serve J. Hernandez at each of the three identified address, Dkt. No. 237, and the six attempts to serve M. Hernandez at his Gerard Avenue address, Dkt. No. 241, establish that personal service is impracticable.  *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *1 (S.D.N.Y. Nov. 14, 2014).

Alternative service must be reasonably calculated to ensure the witness actually receives the subpoena.  See *Kenyon*, 2016 WL 5930265, at *3; *IDW Grp.*, 2009 WL 1313259, at *2–3.  Plaintiff seeks to serve J. Hernandez through a combination of mail service at his office address and StuyTown apartment and nail and mail service at his Clifton, New Jersey address.  Dkt. No. 239 at 4.  These methods of service are appropriately calculated to ensure receipt of the

subpoena.  *Tube City*, 2014 WL 6361746, at *2 (finding nail and mail service "quite likely" to provide "actual timely notice"); *Beare v. Millington*, 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (finding that nail and mail service constituted valid and proper service); *IDW Grp.*, 2009 WL 1313259, at *3 (service by certified mail reasonably ensures actual receipt of the subpoena where JP Morgan attempted service nine times and witness appeared aware that JP Morgan seeks to depose her); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (approving alternative service by means of certified mail).

Plaintiff seeks to serve M. Hernandez through nail and mail service at his Gerard Avenue apartment.  Alternative service must "reasonably insure[] actual receipt of the subpoena by the witness' and [be] 'reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections.'" *Keep on Kicking Music, Inc. v. UMG Recordings, Inc.*, 2025 WL 1905090, at *1 (S.D.N.Y. July 10, 2025) (quoting *IDW Grp.*, 2009 WL 1313259, at *3).  Plaintiff identified M. Hernandez's new address through a public records search, Dkt. No. 242-4, but has not received or sought further confirmation that the new address is correct.  *See Martinez v. Iqbal*, 2025 WL 1309874, at *4 (E.D.N.Y. Mar. 26, 2025) (noting that reliance on a single database search from one website to confirm defendants' address for service of complaint is insufficient to demonstrate due diligence); *Keep on Kicking Music*, 2025 WL 1905090, at *1–2 (approving alternative service via certified mail and registered email where party seeking to serve subpoena confirmed address through witness's driver's license, as well as W-9, electronic payment authorization, and change-of-address forms for his company); *Tube City*, 2014 WL 6361746, at *1 (approving nail and mail service where process server spoke with witness's wife at address and she did not deny that witness lived with her).  Plaintiff also does not otherwise allege that M. Hernandez is aware that Plaintiff is attempting to serve him

with a subpoena. *Cf. IDW Grp.*, 2009 WL 1313259, at *3 (noting that witness appeared aware that party sought deposition). Plaintiff's request for alternative service is denied without prejudice to a renewed motion with additional confirmation of M. Hernandez's address.

Accordingly, the Court directs that the following be deemed proper service on J. Hernandez and Hernandez Associates of the deposition and document subpoenas:

1. Mailing the subpoenas and accompanying documents, via certified mail, to the address of Hernandez Associates' office at 150 Broadway;

2. Mailing the subpoenas and accompanying documents to the service address at the StuyTown apartment;

3. Affixing the subpoenas to the door of J. Hernandez's Clifton address; and,

4. Mailing the subpoenas, via certified mail, to J. Hernandez's Clifton address.

The motion for alternative service on J. Hernandez and Hernandez Associates is GRANTED as described herein. Proof of service shall be filed in accordance with Federal Rule of Civil Procedure 45(b)(4).

The motion for alternative service on M. Hernandez is DENIED without prejudice.

The Clerk of Court is respectfully directed to close Dkt. Nos. 236 and 240.


SO ORDERED.

Dated: February 12, 2026
      New York, New York
                        LEWIS J. LIMAN
                   United States District Judge

5