UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                      :

GREAT AMERICAN INSURANCE COMPANY,    :

                         :

            Plaintiff,         :

                         :             23-cv-09100 (LJL)

     -v-                  :

                         :          MEMORANDUM &
GEMSTONE PROPERTY MANAGEMENT, LLC et al., :          ORDER

                         :

           Defendants.      :

                         :
------------------------------------------------------------------------X
                         :

GEMSTONE PROPERTY MANAGEMENT, LLC et al., :

                         :

        Third-Party Plaintiffs,   :

                         :

     -v-                  :

                         :

ASPEN SPECIALITY INSURANCE COMPANY, et al., :

                         :

       Third-Party Defendants.  :

                         :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/01/2026

LEWIS J. LIMAN, United States District Judge:

Non-party Michael Gerling, M.D. ("Gerling") moves, pursuant to Federal Rules of Civil Procedure 26 and 45(d)(3), to quash the subpoena ad testificandum served on him dated December 8, 2025 (the "Subpoena"). Dkt. No. 258. Plaintiff Great American Insurance Company ("Plaintiff" or "Great American") moves, pursuant to Federal Rules of Civil Procedure 30(a)(1) and 45, to compel compliance with the Subpoena. Dkt. No. 261.

Gerling filed his motion along with the declaration of Aaron H. Pierce and a memorandum of law in support of the motion on March 18, 2026. Dkt. Nos. 258–60. That same day, Great American filed its motion along with the declaration of Mark R. Vespole and a memorandum of law in support of the motion. Dkt. Nos. 261–63. Gerling and Great American

each filed memoranda in opposition to the motions of the other parties on March 25, 2026.  Dkt. Nos. 266–267.  Great American also filed the reply declaration of counsel with attached exhibits. Dkt. No. 268.

This is the fourth time that subjects of Great American's third-party subpoenas have sought to avoid the obligation to provide documents and testimony in this matter and Great American has been forced to make a motion to compel.  *See* Dkt. Nos. 146, 149, 186, 190, 221, 224.  In the past, the Court has granted Great American's requests for relief.  Dkt. Nos. 214, 235.[1]

The Court presumes familiarity with Plaintiff's allegations which have been described in the Court's earlier memoranda and orders compelling compliance.  This insurance coverage action arises out of a complaint brought by defendant Luis Manuel Garcia Salcedo ("Salcedo") in New York State Supreme Court, Bronx County, asserting claims for negligence and New York Labor Law violations based on injuries Salcedo claimed that he suffered during construction work in September 2013 (the "Underlying Action").  Dkt. No. 60-1.  Salcedo was represented in the Underlying Action by Subin Associates, LLP ("Subin").  Dkt. No. 133 ¶¶ 60–61.  Gerling was Salcedo's treating physician.  *Id.* ¶ 73.  The Underlying Action was settled for $6 million on the eve of trial in the form of cash and an assignment of the insured's claims against Great American.  *Id.* ¶ 40–43.  Great American is an excess insurer of the defendants in the Underlying Action.  *Id.* ¶¶ 15–17.

In its Second Amended Complaint ("SAC"), Great American alleges that it is the victim of common law fraud perpetrated by Salcedo, in conjunction with Subin and Gerling.  Dkt. No.

---

[1] The Court also has granted motions for alternative service on the subjects of the subpoenas. Dkt. Nos. 211, 245.

133 ¶¶ 178–90.  In particular, Plaintiff alleges that Subin was involved in a massive New York fraud scheme pursuant to which Subin represented workers who claimed they were injured in "unwitnessed falls" while employed on local construction sites and who sued the construction companies, the insurance companies and the property owners for the alleged injuries.  *Id.* ¶¶ 64, 68.  The incidents, however, were not real but were "fake" and "staged."  *Id.* ¶ 64.  To perpetrate the scheme, Subin obtained fraudulent litigation funding loans and then referred clients to Gerling who provided unnecessary diagnostic and medical treatment to support the legal claims. *Id.* ¶¶ 66, 78–81.  As to Salcedo in particular, Plaintiff alleges that his claim to have been injured on the worksite was false and inconsistent with the contemporaneous medical records and that the surgical treatment he received from Gerling was unnecessary and not medically indicated. *Id.* ¶¶ 82–106.

The Court also presumes familiarity with the legal standards applicable to these motions as they have been set out in prior opinions:

> Rule 45 allows a party to serve a subpoena on a non-party for the production of documents and other information or for a deposition.  *See* Fed. R. Civ. P. 45(a)(1). The subpoena recipient may move to quash the subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv); *Sadis & Goldberg, LLP v. Banerjee*, 2019 WL 13403291, at *1 (S.D.N.Y. Aug. 26, 2019).  If an objection is made to a subpoena, the serving party may move the Court for the district where compliance is required for an order compelling compliance with the subpoena.  Fed. R. Civ. P. 45(d)(2)(B).
>
> A subpoena issued pursuant to Fed. R. Civ. P. 45 must meet Fed. R. Civ. P 26(b)(1)'s "overriding relevance requirement" and may be quashed by this Court for failure to do so.  *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008), *aff'd*, 371 F. App'x 180 (2d Cir. 2010) (summary order); *see Peddy v. L'Oreal USA Inc.*, 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019). "The party seeking discovery bears the initial burden of proving the discovery is relevant."  *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019) (quoting *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017)).  "If the party issuing the subpoena establishes

the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Id.* (citing *Griffith v. United States*, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007)). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (quoting *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)). "The trial court has broad discretion to determine whether a subpoena imposes an undue burden." *Id.* (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003)); *see Insured Advoc. Grp., LLC v. Spartan Servs. Corp.*, 2024 WL 4893580, at *1–2 (S.D.N.Y. Nov. 26, 2024). "The standard applicable to depositions is similar to the standard for document subpoenas[.]" *Ohio Dep't of Ins. v. RPM Mortg., Inc.*, 2020 WL 8513150, at * 2 (S.D.N.Y. Dec. 2, 2020). "[T]he obligation for sitting for a deposition [does] not, in and of itself," demonstrate undue burden. *Probulk Carriers Ltd. v. Marvel Int'l Mgm't & Transp.*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016).

*Great Am. Ins. Co. v. Gemstone Prop. Mgmt., LLC*, 2026 WL 353609, at *1 (S.D.N.Y. Feb. 9, 2026).

The Subpoena seeks Gerling's deposition testimony. Dkt. No. 259-1. Great American has established the relevance of Gerling's testimony. Salcedo claimed an injury on September 12, 2023. That same day, he entered the emergency room at Bronx Lebanon Hospital, claiming to have been struck by a pipe on the right side of his back while helping a "friend." Dkt. No. 262 at 4. Five days later, on September 17, 2013, he was seen by Dr. Joshua Auerbach, from Bronx Lebanon Hospital, who diagnosed Salcedo with lower back pain and recommended physical therapy. *Id.* at 4–5. During his twelve physical therapy sessions between September 24, 2013 and November 4, 2013, Salcedo only complained of and received therapy on his back. *Id.* Yet, on November 11, 2013, Gerling performed fusion surgery on Salcedo's neck. Dkt. No. 263-4 at 2, 13. [2] He did so after seeing Salcedo on November 5, 2013, and after recording in an office note that Salcedo somehow had "intractable neck pain radiating to the upper extremity" and noting erroneously that Salcedo received "[t]hree months of physical therapy for the neck and

---

[2] Citations to this docket entry use ECF pagination.

4

back . . . [but] despite these measures he continues to worsen." Dkt. No. 263-4 at 12.  By November 5, 2013, it had been less than two months since Salcedo's alleged accident and Salcedo had no physical therapy on his neck.  Dkt. No. 262 at 5.  Great American has proffered ample evidence to inquire of Gerling the circumstances of his treatment of Salcedo, how he came to see Salcedo, and the nature of the care he provided to Salcedo as well as more generally Gerling's involvement with the various relevant persons in this case, including Subin, the runners, and the litigation funders.

Gerling has not established that the subpoena imposes an undue burden.  He argues, as have other third-party alleged participants in the scheme, that his testimony is not relevant because all that is relevant are Salcedo's statements, conduct and intent.  Dkt. No. 260 at 5.  But relevance is broadly construed under the Federal Rules of Civil Procedure.  *See Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, 2025 WL 743761, at *1 (S.D.N.Y. Mar. 7, 2025) ("The scope of relevance is broad."); *Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019) ("Relevance under Rule 26 'is an extremely broad concept.'" (quoting *Joseph v. Gnutti Carlo S.p.A.*, 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016))).  Great American is not limited to asking Salcedo whether he faked his injury or received treatment that he did not need.  Great American is entitled to ask Gerling why he performed what Great American has suggested was an entirely unnecessary surgery, Gerling's financial interest in that surgery, and the web of relationships that caused Gerling to treat Salcedo in the first place.

Gerling also argues that the request is disproportionate to the needs of the case because there is no "specific information uniquely within [his] knowledge" and "the information Plaintiff seeks is available, if at all, from parties to the litigation or other sources already subject to discovery."  Dkt. No. 260 at 6.  It is difficult to believe the argument is made with a straight face.

5

Dr. Auerbach testified that from the September through November 4, 2013, the only complaint that Salcedo ever made was regarding his lower back.  Dkt. No. 268-7 at 29:7–20.  There is likely no one better situated to explain why Gerling performed a neck surgery just a few days after November 4 than Gerling himself.

Finally, Gerling argues that the Court should quash the Subpoena because of the burden of preparing for and attending a deposition.  Dkt. No. 260 at 7.  "[T]he obligation for sitting for a deposition [does] not, in and of itself," demonstrate undue burden.  *Probulk Carriers Ltd.*, 180 F. Supp. 3d at 293.

The motion to compel at Dkt. No. 261 is GRANTED.  The motion to quash at Dkt. No. 258 is DENIED.  The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 258 and 261.

SO ORDERED.

Dated: April 1, 2026
     New York, New York

_____
          LEWIS J. LIMAN
     United States District Judge

6