UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GREAT AMERICAN INSURANCE COMPANY,　　　　:

　　　　　　　　Plaintiff,　　　　　　　　　　　　:

　　　-v-　　　　　　　　　　　　　　　　　　　　:

GEMSTONE PROPERTY MANAGEMENT, LLC et al., :

　　　　　　　　Defendants.　　　　　　　　　　　:

-------------------------------------------------------------------X

GEMSTONE PROPERTY MANAGEMENT, LLC et al., :

　　　　　　　　Third-Party Plaintiffs,　　　　　:

　　　-v-　　　　　　　　　　　　　　　　　　　　:

ASPEN SPECIALITY INSURANCE COMPANY, et al., :

　　　　　　　　Third-Party Defendants.　　　　:

-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/17/2026

23-cv-09100 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Great American Insurance Company ("Great American" or "Plaintiff") moves to serve deposition subpoenas on non-party Nicholas Cibbarelli ("Cibbarelli"), and document subpoenas on Cibbarelli's company, Sahiwal Associates, Inc. ("Sahiwal-NY"), by alternative means pursuant to Federal Rule of Civil Procedure 45. Dkt. No. 289. For the following reasons, the motion is granted.

Plaintiff alleges that a settlement agreement reached by Luis Manuel Garcia Salcedo ("Salcedo") and Subin Associates, LLP ("Subin") following a lawsuit against Gemstone Property Management, LLC and DHNY IV LLC is the product of fraud. Dkt. No. 290 at 1. Plaintiff alleges that Cibbarelli's wife, Elsie Cibbarelli, is a long-time Subin employee and that to

facilitate its fraud, Subin uses litigation funding companies, including a company called "Sahiwal Associates, Inc." *Id.* Plaintiff states that in her deposition, Elsie Cibbarelli stated that there are two companies called Sahiwal Associates, Inc.: one based in New Jersey owned and operated by Tanvir Chaudhry and one based in New York, Sahiwal-NY, which is owned and operated by Cibbarelli and which provides construction-related consulting services. *Id.* Though Elsie Cibbarelli testified that Sahiwal-NY does not make money from litigation funding, she later corrected that statement and noted that Sahiwal-NY became a passive investor in Wall Street Case Advances, a Subin-affiliated litigation funding company. *Id.* at 1–2. Plaintiff now seeks to depose Cibbarelli and issue a document subpoena on Sahiwal-NY. *Id.* at 2.

Plaintiff hired a process server through Bauer Trial Preparation ("BTP") to personally serve a deposition subpoena on Cibbarelli and document subpoena on Sahiwal-NY. *Id.* The process server attempted to personally serve the subpoenas on Cibbarelli six times at his home on Staten Island, which is the same address where Sahiwal-NY is registered. *Id.* at 2–3. On September 24, 2025, Cibbarelli accepted service of a deposition subpoena on his wife's behalf at this address, Dkt. No. 208 ¶ 3, but BTP was unable to serve him at this same location despite six attempts at service throughout March 2026, Dkt. No. 291 ¶¶ 3–9.

Federal Rule of Civil Procedure 45 states that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve." *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017). Here, the affidavit of the President of BTP describing the six attempts to serve Cibbarelli at his home address, Dkt.

No. 291, establishes that personal service is impracticable. *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *1 (S.D.N.Y. Nov. 14, 2014).

Alternative service must be reasonably calculated to ensure the witness actually receives the subpoena. See *Kenyon*, 2016 WL 5930265, at *3; *IDW Grp.*, 2009 WL 1313259, at *2–3. Plaintiff seeks to serve Cibbarelli through nail and mail service at his Staten Island address, where he previously confirmed residence. Dkt. No. 290 at 3. This method of service is appropriately calculated to ensure receipt of the subpoena. *See Tube City*, 2014 WL 6361746, at *2 (finding nail and mail service "quite likely" to provide "actual timely notice"); *Beare v. Millington*, 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (finding that nail and mail service constituted valid and proper service); *IDW Group*, 2009 WL 1313259, at *3 (service by certified mail reasonably ensures actual receipt of the subpoena where JP Morgan attempted service nine times and witness appeared aware that JP Morgan seeks to depose her); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (approving alternative service by means of certified mail).

Accordingly, the Court directs that the following be deemed proper service on Cibbarelli and Sahiwal-NY of the deposition and document subpoenas:

1. Affixing the subpoenas and accompanying documents to the door of Cibbarelli's Staten Island address;

2. Mailing the subpoenas and accompanying documents, via certified mail, to Cibbarelli's Staten Island address;

3

The motion for alternative service is GRANTED.  Proof of service shall be filed in accordance with Federal Rule of Civil Procedure 45(b)(4).

The Clerk of Court is respectfully directed to close Dkt. No. 289.

SO ORDERED.

Dated: April 17, 2026
       New York, New York

_____
       LEWIS J. LIMAN
       United States District Judge