USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT AMERICAN INSURANCE COMPANY,

Plaintiff,

-v-

GEMSTONE PROPERTY MANAGEMENT, LLC et al.,

Defendants.

GEMSTONE PROPERTY MANAGEMENT, LLC et al.,

Third-Party Plaintiffs,

-v-

ASPEN SPECIALITY INSURANCE COMPANY, et al.,

Third-Party Defendants.

23-cv-09100 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Great American Insurance Company ("Great American" or "Plaintiff") moves to serve a deposition subpoena on non-party David Kaney ("Kaney") by alternative means pursuant to Federal Rule of Civil Procedure 45. Dkt. No. 333. For the following reasons, the motion is granted.

Plaintiff alleges that a settlement agreement reached by Luis Manuel Garcia Salcedo ("Salcedo") and Subin Associates, LLP ("Subin") following a lawsuit against Gemstone Property Management, LLC and DHNY IV LLC is the product of fraud. Dkt. No. 334 at 1. Plaintiff alleges that the fraud is centered on an incident wherein Salcedo alleges he suffered bodily injuries after performing construction work related to a boiler at 25 St. Nicolas Terrace, New

York, N.Y. on September 12, 2013. *Id.* Plaintiff alleges that the incident was staged. *Id.*

Kaney, on behalf of his company, Sustainable Energy Options, LLC, entered into an agreement with Jeremy Markowitz, acting on behalf of Gemstone Realty Partners, LLC, DHNY Apt. IV LLC, and Gemstone Property Management LLC, to conduct a boiler replacement at 25-35 Nicholas Terrace, Manhattan, New York, with work set to commence on September 16, 2023 (the "Agreement"). *Id.*; Dkt. No. 336-2.[1] Kaney was deposed on November 9, 2017 regarding the Agreement. Dkt. No. 334 at 2. At his deposition, he identified 38 E 64th Street, Suite 8, New York, NY 10065 as his business address and stated that he was the sole owner of Sustainable Energy Options, LLC. *Id.* Plaintiff now seeks to depose Kaney regarding the nature and scope of the work described in the Agreement, including who performed the work. *Id.*

Plaintiff hired a process server through Bauer Trial Preparation ("BTP") to personally serve a deposition subpoena on Kaney. *Id.* The process server attempted to personally serve the subpoena on Kaney six times at his business address on 64th Street. *Id.* On July 10, 2026, an individual at that location confirmed that Kaney lived there but was not home at the time. *Id.*; *see* Dkt. No. 335 ¶ 8. The process server identified the individual as Kaney's wife or girlfriend, and she told him to return the following day. Dkt. No. 335 ¶ 8. BTP attempted service the next day during the afternoon, but was unable to serve Kaney. *Id.* ¶ 9.

Federal Rule of Civil Procedure 45 states that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve."

[1] The agreement is signed by "David Caney" as a member of Sustainable Energy Options, LLC. Dkt. No. 336-2. Kaney testified that he is the sole owner, member, and employee of Sustainable Energy Options, LLC, and looked at the property at 25 St. Nicholas Terrace as part of his work. Dkt. No. 336-3 at 12.

*Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017). Here, the affidavit of the President of BTP describing the six attempts to serve Kaney at his business address, Dkt. No. 335, establishes that personal service is impracticable. *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *1 (S.D.N.Y. Nov. 14, 2014).

Alternative service must be reasonably calculated to ensure the witness actually receives the subpoena. See *Kenyon*, 2016 WL 5930265, at *3; *IDW Grp.*, 2009 WL 1313259, at *2–3. Plaintiff seeks to serve Kaney through nail and mail service at his business address, which he previously confirmed as his business address and where an individual at the address confirmed Kaney resides. Dkt. No. 290 at 3. Whether the address is that of his business or his residence, or both, Plaintiff has demonstrated that service at this address "reasonably insures actual receipt of the subpoena by the witness." *IDW Grp.*, 2009 WL 1313259, at *3 (internal quotation marks and citation omitted). Moreover, nail and mail service is appropriately calculated to ensure receipt of the subpoena. *See Pence*, 322 F.R.D. at 455 (service by mail to business address, email, fax, and a phone call informing of service sufficient to ensure "virtually no possibility" that individual will be unaware of subpoena); *Tube City*, 2014 WL 6361746, at *2 (finding nail and mail service "quite likely" to provide "actual timely notice"); *Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC.*, 2008 WL 383238, at *2–3 (S.D.N.Y. Aug. 15, 2008) (service by mail to place of business sufficient where person had notice that deposition is sought); *Beare v. Millington*, 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (finding that nail and mail service constituted valid and proper service); *IDW Group*, 2009 WL 1313259, at *3 (service by certified mail reasonably ensures actual receipt of the subpoena where JP Morgan attempted service nine

times and witness appeared aware that JP Morgan seeks to depose her); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (approving alternative service by means of certified mail).

Accordingly, the Court directs that the following be deemed proper service on Kaney of the deposition subpoena:

1. Affixing the subpoenas and accompanying documents to the door of Kaney's 64th Street address;
2. Mailing the subpoenas and accompanying documents, via certified mail, to Kaney's 64th Street address;

The motion for alternative service is GRANTED. Proof of service shall be filed in accordance with Federal Rule of Civil Procedure 45(b)(4).

The Clerk of Court is respectfully directed to close Dkt. No. 333.

SO ORDERED.

Dated: July 16, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge