USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT AMERICAN INSURANCE COMPANY,

Plaintiff,

-v-

GEMSTONE PROPERTY MANAGEMENT, LLC et al.,

Defendants.

GEMSTONE PROPERTY MANAGEMENT, LLC et al.,

Third-Party Plaintiffs,

-v-

ASPEN SPECIALITY INSURANCE COMPANY, et al.,

Third-Party Defendants.

23-cv-09100 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Great American Insurance Company ("Great American" or "Plaintiff") moves to serve a deposition subpoena on non-party Robert Gentili ("Gentili") by alternative means pursuant to Federal Rule of Civil Procedure 45. Dkt. No. 341. For the following reasons, the motion is granted.

Plaintiff alleges that a settlement agreement reached by Luis Manuel Garcia Salcedo ("Salcedo") and Subin Associates, LLP ("Subin") following a lawsuit against Gemstone Property Management, LLC and DHNY IV LLC (the "Underlying Action") is the product of fraud. Dkt. No. 342 at 1. Plaintiff alleges that Subin uses litigation funding companies to perpetrate this fraud, including Star Legal Funding and US Claims. *Id.* Plaintiff filed a letter from Star Legal

Funding/US Claims to Subin that advised the "payoff amount" for "Re: Luis Garcia Salcedo" was $1,396,500.00 and listed the original purchase price of the contract as $612,750. Dkt. No. 344-1. The letter is signed by Gentili and non-party Elsie Cibbarelli identified Gentili as associated with Five Star Legal Funding and US Claims in her deposition. *Id.*; Dkt. No. 344-4 at 65–67. Plaintiff now seeks to depose Gentili regarding the operations of Five Star Legal Funding and US Claims, as well as his knowledge of the funding agreement entered into in the Underlying Action. Dkt. No. 343 at 2.

Plaintiff hired a process server through Bauer Trial Preparation ("BTP") to personally serve a deposition subpoena on Gentili. *Id.* The process server attempted to personally serve the subpoena on Gentili six times at his home address at 260 West Broadway, Unit 4A, Long Beach, New York between July 10, 2026 and July 26, 2026. *Id.* The president of BTP, Derek R. Bauer, affirmed that a security guard in the building confirmed that Gentili resides at the address. Dkt. No. 343 ¶ 3; Dkt. No. 343-1.

Federal Rule of Civil Procedure 45 states that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve." *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017). Here, the affidavit of the President of BTP describing the six attempts to serve Gentili at his home address, Dkt. No. 343, establishes that personal service is impracticable. *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *1 (S.D.N.Y. Nov. 14, 2014).

Alternative service must be reasonably calculated to ensure the witness actually receives

the subpoena. See *Kenyon*, 2016 WL 5930265, at *3; *IDW Grp.*, 2009 WL 1313259, at *2–3. Plaintiff seeks to serve Gentili through nail and mail service at his home address, which a security guard of the building confirmed is where he resides. Dkt. No. 342 at 3; Dkt. No. 343-1. Plaintiff has demonstrated that service at this address "reasonably insures actual receipt of the subpoena by the witness." *IDW Grp.*, 2009 WL 1313259, at *3 (internal quotation marks and citation omitted). Moreover, nail and mail service is appropriately calculated to ensure receipt of the subpoena. *See Pence*, 322 F.R.D. at 455 (service by mail, email, fax, and a phone call informing of service sufficient to ensure "virtually no possibility" that individual will be unaware of subpoena); *Tube City*, 2014 WL 6361746, at *2 (finding nail and mail service "quite likely" to provide "actual timely notice"); *Medical Diagnostic Imaging, PLLC v. CareCore Nat., LLC.*, 2008 WL 383238, at *2–3 (S.D.N.Y. Aug. 15, 2008) (service by mail to place of business sufficient where person had notice that deposition is sought); *Beare v. Millington*, 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (finding that nail and mail service constituted valid and proper service); *IDW Group*, 2009 WL 1313259, at *3 (service by certified mail reasonably ensures actual receipt of the subpoena where JP Morgan attempted service nine times and witness appeared aware that JP Morgan seeks to depose her); *Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (approving alternative service by means of certified mail).

Accordingly, the Court directs that the following be deemed proper service on Gentili of the deposition subpoena:

1. Affixing the subpoenas and accompanying documents to the door of Gentili's home at 260 West Broadway, Unit 4A, Long Beach, New York 11561.
2. Mailing the subpoenas and accompanying documents, via certified mail, to Gentili's

home at 260 West Broadway, Unit 4A, Long Beach, New York 11561.

The motion for alternative service is GRANTED. Proof of service shall be filed in accordance with Federal Rule of Civil Procedure 45(b)(4).

The Clerk of Court is respectfully directed to close Dkt. No. 341.

SO ORDERED.

Dated: July 30, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge