USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT AMERICAN INSURANCE COMPANY,

Plaintiff,

-v-

GEMSTONE PROPERTY MANAGEMENT, LLC et al.,

Defendants.

GEMSTONE PROPERTY MANAGEMENT, LLC et al.,

Third-Party Plaintiffs,

-v-

ASPEN SPECIALITY INSURANCE COMPANY, et al.,

Third-Party Defendants.

23-cv-09100 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Before the Court is a dispute regarding the confidentiality of the deposition transcript of non-party Jose Hernandez ("Hernandez").

On June 12, 2026, Plaintiff Great American Insurance Company ("Great American" or "Plaintiff") moved to compel Hernandez to answer deposition questions. Dkt. No. 318. Plaintiff filed as an exhibit to that motion a portion of the transcript of the deposition of Hernandez, which took place on June 4, 2026. Dkt. No. 318-7. On June 16, 2026, Plaintiff moved to withdraw the motion to compel, which the Court granted. Dkt. Nos. 321–22. On June 30, 2026, Plaintiff filed a letter motion to seal portions of the withdrawn motion to compel due to the protective order, Dkt. No. 255, pursuant to which deposition transcripts are designated as confidential for a period

of thirty days following the conclusion of the deposition, *id.* ¶ 4. Dkt. No. 328. Plaintiff seeks to redact the deposition transcript and all references to the contents of the transcript in its motion. *Id.*; Dkt. Nos. 329–330.

On July 3, 2026, pursuant to paragraph four of the protective order, Hernandez's counsel designated the majority of the deposition testimony as confidential, including in particular those portions of the transcript where Hernandez invoked the Fifth Amendment privilege. Dkt. No. 338 at 2. On July 17, 2026, Plaintiff filed a letter motion requesting that the Court strike the confidentiality designations as improper because the protective order does not include invocation of the Fifth Amendment privilege as grounds for confidentiality. *Id.* Plaintiff additionally argues that the transcript is a judicial document with a presumption of public access under *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). *Id.* Plaintiff bases this argument on its intention to refile the withdrawn motion to compel. *Id.* at 3. Hernandez opposes Plaintiff's requests. Dkt. No. 339.

Hernandez has not identified a basis under the protective order for designating any portion of his deposition transcript as confidential. Hernandez seeks to designate as confidential his invocation of the Fifth Amendment privilege against self-incrimination and argues that the use of these statements would cause harm to his "business, commercial, financial or personal interests." Dkt. No. 339 at 2–3. The protective order only permits material to be designated as confidential where such material consists of "(a) previously nondisclosed financial information . . . ; (b) previously nondisclosed material relating to ownership or control of any non-public company; (c) previously nondisclosed business plans, product development information, or marketing plans; (d) any information of a personal or intimate nature regarding any individual; or (e) any other category of information hereinafter given confidential status by the Court." Dkt.

No. 255 ¶ 2. The Court has not designated additional categories as confidential. Hernandez's deposition does not include any statements that would fall under these categories. *See* Dkt. No. 318-7. The Court grants Plaintiff's motion to strike Hernandez's confidentiality designations.

Plaintiff's request to seal the motion at Dkt. No. 318 is denied. Though Plaintiff has withdrawn the motion, the documents filed at Dkt. No. 318 are the subject of this Order and are therefore "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks and citation omitted). The presumption of public access is modest in regard to non-dispositive discovery motions, *Giuffre v. Maxwell*, 146 F.4th 165, 177–78 (2d Cir. 2025), but neither Plaintiff nor Hernandez have provided any basis for sealing the documents. Hernandez argues solely that the documents should be designated as confidential pursuant to the protective order and thereby barred from being used in other litigation. Dkt. No. 339 at 3. The Court has already rejected that argument. Hernandez's invocation of the Fifth Amendment privilege is the subject of the parties' letter motions and this Order. There is no countervailing privacy interest in the fact that he invoked the Fifth Amendment privilege.

The Clerk of Court is respectfully directed to close Dkt. Nos. 328 and 338. The Clerk of Court is respectfully directed to unseal the motion at Dkt. No. 318.

SO ORDERED.

Dated: July 30, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge