USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/08/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT AMERICAN INSURANCE CO.,

Plaintiff,

-v-

GEMSTONE PROPERTY MANAGEMENT, LLC, et al.,

Defendants.

23-cv-9100 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Great American Insurance Company ("Great American" or "Plaintiff") moves, pursuant to Federal Rules of Civil Procedure 37(a) and 45, to compel non-party Jose Hernandez ("Hernandez") to answer deposition questions for which he improperly asserted the Fifth Amendment privilege and to compel Hernandez and non-party J. Hernandez Associates, Jr., Inc. ("Hernandez Associates") to produce documents. Dkt. No. 347.[1]

[1] Plaintiff devotes a substantial portion of its reply memorandum to the argument that the Court should enter an order compelling compliance with its document request to Hernandez Associates. Dkt. No. 364 at 5–8. Plaintiff points out, *inter alia*, that a corporation enjoys no Fifth Amendment privilege, *see In re Eighth Grand Jury Duces Tecum*, 701 F. Supp. 53, 56 (S.D.N.Y. 1988), and that a party ordinarily cannot redact documents on the basis of relevance, *see Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018); *accord McConkey v. Churchill Sch. & Ctr.*, 2025 WL 1928552, at *1–2 (S.D.N.Y. July 14, 2025) (holding that defendant's "unilateral redactions for relevance are . . . impermissible"), but the argument section of Plaintiff's memorandum of law in support of the motion does not address the issue of Hernandez Associates' document production, Dkt. No. 348 at 9–14, and in the conclusion of that memorandum, Plaintiff seeks only an order compelling Hernandez to reappear for deposition and to provide substantive answers to the questions posed to him, *id.* at 14. Hernandez Associates has not had an opportunity to address the issues raised by Plaintiff only in reply. Accordingly, the motion to compel directed to Hernandez Associates is denied without prejudice to renewal after the parties attempt to meet and confer.

The Court presumes familiarity with Plaintiff's allegations as they have been described in numerous of this Court's opinions and orders. *See, e.g., Great Am. Ins. Co. v. Gemstone Prop. Mgmt., LLC*, 2025 WL 3535065, at *1–2 (S.D.N.Y. Dec. 10, 2025). Plaintiff alleges that it is the victim of a massive insurance fraud scheme masterminded by Subin Associates, LLP ("Subin"). Dkt. No. 133 ¶¶ 68, 178–90. Subin allegedly recruited low-income persons to fake injuries that they supposedly suffered on construction sites, had the purported employees undergo unnecessary medical procedures, paid them through litigation funding services, and then brought negligence actions in New York courts based on the faked injuries. *Id.* ¶¶ 64, 66, 68, 78–81. Great American alleges that it was the victim of one such lawsuit brought by Luis Manuel Garcia Salcedo in New York State Supreme Court, Bronx County, for negligence and New York Labor Law violations based on injuries Salcedo claimed that he suffered during construction work in September 2013 and which resulted in a $6 million settlement Plaintiff alleges was fraudulently procured. *Id.* ¶¶ 1, 28–31, 40–43, 60–61, 81. Hernandez was allegedly an assistant manager at Subin and owns and/or operates Hernandez Associates, which shares office space with Subin. Dkt. No. 348 at 2–3. Plaintiff alleges that Hernandez and Hernandez Associates provided services to Subin clients, including providing transport for Subin clients to various medical appointments. *Id.* at 3. Salcedo allegedly was one such client. Hernandez also owns and operates two litigation funding companies, Wall Street Case Advances and Corona 55, which share office space with Subin. *Id.*

On February 13, 2026, Plaintiff served a Rule 45 deposition subpoena on Hernandez, Dkt. No. 349-4 at 2–6,[2] and a Rule 45 document subpoena on Hernandez Associates, *id.* at 12–

[2] Citations to docket entries use ECF pagination except where citing to a memorandum of law or otherwise noted.

21. Hernandez appeared for deposition on June 4, 2026. Dkt. No. 349-6. He answered introductory questions regarding his name, his current address and prior residences, his prior deposition experience, whether he was represented by counsel or spoke to anyone other than counsel in preparation for the deposition, whether he was on any kind of medication that would impact his ability to testify, and his educational background. *Id.* at 8–14. He asserted his Fifth Amendment right not to answer questions regarding his current employment, whether he was ever employed by Subin, whether he was affiliated with Hernandez Associates, Wall Street Case Advances, or Corona 55, whether he knew various individuals or entities implicated in the alleged Subin fraud, whether he ever worked in the building where Subin was located, and whether he had any knowledge or familiarity with certain documents regarding the Salcedo case. *Id.* at 14–29. After less than an hour, Plaintiff ended the deposition. Dkt. No. 318 at 5.

**DISCUSSION**

The Fifth Amendment to the United States Constitution provides, in relevant part, "[n]o person shall . . . be compelled in any criminal case to be a witness against himself . . ." U.S. Const. Amend. V. The privilege "is one of our most fundamental rights as citizens." *Andover Data Servs. v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1082 (2d Cir. 1989). "[T]he privilege against self-incrimination can be invoked in *any* proceeding where the witness 'reasonably believes [that his testimony] could be used in a criminal prosecution or could lead to other evidence that might be so used." *Id.* (quoting *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972)). "[A] District Court cannot compel [a witness] to answer deposition questions, over a valid assertion of his Fifth Amendment right, absent a duly authorized assurance of immunity at the time." *Pillsbury Co. v. Conboy*, 459 U.S. 248, 256–57 (1983).

"The person asserting the Fifth Amendment privilege bears the burden of establishing his entitlement to it." *Tankleff v. County of Suffolk*, 2014 WL 11430842, at *1 (E.D.N.Y. Mar. 31,

2014). "The privilege extends not only to 'answers that would in themselves support a conviction,' but also to answers that 'would furnish a link in the chain of evidence needed to prosecute the claimant.'" *Hoffman v. United States*, 341 U.S. 479, 486 (1951). "In order to invoke the privilege, a witness must have 'reasonable cause to apprehend danger from a direct answer' and have 'reason to fear that any such answer might be used to incriminate him in future criminal proceedings.'" *Skillz Platform Inc. v. Papaya Gaming, Ltd.*, 2026 WL 915251, at *4 (S.D.N.Y. Apr. 3, 2026) (quoting *United States v. Okatan*, 728 F.3d 111, 118 (2d Cir. 2013)). The witness may not refuse to answer a question simply "because he declares that in doing so, he would incriminate himself—his say-so does not of itself establish the hazard of incrimination." *Hoffmans*, 341 U.S. at 486. "A witness may not employ the privilege to avoid giving testimony that he simply would prefer not to give." *Roberts v. United States*, 445 U.S. 552, 560 n.7 (1980). "[T]he claimant of the privilege must be 'confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.'" *United States v. Zappola*, 646 F.2d 48, 53 (2d Cir. 1981) (quoting *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980)).

When assessing the validity of a Fifth Amendment privilege claim, "the court is required to determine in view of 'the implications of the question, in the setting in which it is asked,' whether the incriminating nature of the answer is self-evident." *United States v. Edgerton*, 734 F.2d 913, 919 (2d Cir. 1984) (quoting *Hoffman,* 341 U.S. at 486–87). The assessment of whether an injurious disclosure likely will result "must be governed as much by . . . [the judge's] personal perception of the peculiarities of the case as by the facts actually in evidence." *Hoffman*, 341 U.S. at 487; *United States v. Barile*, 2007 WL 3534261, at *2 (N.D.N.Y. Nov. 13, 2007) ("the judge's perception of the facts come into play as he assesses the credible basis of the party's invocation of the right").

Hernandez has satisfied his burden to show that he permissibly invoked his Fifth Amendment privilege to answer Plaintiff's questions. The scheme alleged by Plaintiff, if it is established, implicates a number of federal and state criminal laws, including those with respect to mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, racketeering, 18 U.S.C. § 1961, and money laundering, 18 U.S.C. §§ 1956–57. Hernandez need not have been the central participant in the scheme to be exposed to criminal liability. *See Moll v. U.S. Life Title Ins. Co. of N.Y.*, 113 F.R.D. 625, 629 (S.D.N.Y. 1987). It is sufficient if he were an aider and abettor, 18 U.S.C. § 2, or a co-conspirator, 18 U.S.C. § 371; 18 U.S.C. § 1349.

Hernandez's fear of prosecution is "reasonable" and more than "a mere imaginary possibility, remote, unsupported and improbable." *Camelot Grp., Ltd. v. W.A. Krueger Co.*, 486 F. Supp. 1221, 1229 (S.D.N.Y. 1980) (Weinfeld, J.). Subin has been named as a defendant in multiple lawsuits in state and federal court, alleging fraud and violations of the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.* Dkt. No. 133 ¶ 62. *See Union Mutual Fire Ins. Co. v. Subin Assocs., LLP et al*, Case No. 25-cv-2652 (E.D.N.Y. filed May 12, 2025); *Greater New York Mutual Ins. Co. v. Subin Assocs., LLP*, Case No. 26-cv-00470 (E.D.N.Y. filed Jan. 27, 2026); *Roosevelt Road Re Ltd. v. Subin, et al.*, Case No. 24-cv-05033 (E.D.N.Y. filed July 19, 2024); *Ionian Re. LLC et al. v. Cedillo et al.*, Case No. 24-cv-07969 (E.D.N.Y. filed Nov. 15, 2024). Those lawsuits claim that "Subin was involved in a massive New York fraud scheme involving staged workplace accidents and bogus workers' compensation and personal injury lawsuits backed by complicit lawyers and medical providers," involving faked accidents on construction sites "representing hundreds of millions of dollars in workers' compensation payments and liability insurance settlements." Dkt. No. 133 ¶ 64. Hernandez and Hernandez Associates have been named as defendants who were complicit in

Subin's scheme in at least one of those lawsuits. *See Greater New York Mutual Ins. Co., et al. v. Subin Associates, LLP* et al, Case No. 26-cv-00470, Dkt. No. 268 (E.D.N.Y. filed July 13, 2026). The claims in those lawsuits, as well as the allegations here, have close "analogs" in the criminal law. *Camelot Grp.*, 486 F. Supp. at 1229. Indeed, a RICO claim can give rise to both civil and criminal liability. *See id.* at 1228. Plaintiff has developed independent evidence that Hernandez was an assistant manager at Subin, that he transported Subin clients to various medical appointment, for alleged services in connection with the Underlying Action, that Hernandez Associates shares office space with Subin on the 14th floor at 150 Broadway, and that Hernandez owns and operates two litigation funding companies that also share office space with Subin on the 14th floor of 150 Broadway. Dkt. No. 348 at 2–3. In addition, Hernandez has submitted an ex parte declaration, which the Court has reviewed *in camera*, that makes clear that his fear of prosecution is not merely speculative. *See* Dkt. No. 358. Considering the evidence together, the fear of prosecution here rises far above the speculative, trifling, or imaginary.

Hernandez did not make a blanket assertion of the Fifth Amendment. He asserted the privilege only as to those questions the answers to which would "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman*, 341 U.S. at 486. Those questions included questions about where he was currently employed and whether his name or signature appeared on documents relevant to this case. The privilege is properly invoked when the questions are directed to the witness's "relationship to the core defendant companies and other entities as well as his knowledge of other defendants and the alleged fraud." *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 307 (S.D.N.Y. 2003).

**CONCLUSION**

Plaintiff's motion to compel Hernandez to answer the questions to which he invoked the Fifth Amendment privilege is denied. Plaintiff's motion to compel Hernandez Associates to

produce documents is denied without prejudice. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 347.

SO ORDERED.

Dated: September 8, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge